SHANNON P. MINTER – 168907
CHRISTOPHER F. STOLL – 179046
AMY WHELAN – 215675
RACHEL BERG*
NATIONAL CENTER FOR LGBTQ RIGHTS
1401 21st Street #11548
Sacramento, California  94102
Telephone:    (415) 392-6257
Email:        sminter@nclrights.org
              cstoll@nclrights.org
              awhelan@nclrights.org
              rberg@nclrights.org

JOSHUA ROVENGER*
DONOVAN BENDANA*
GLBTQ LEGAL ADVOCATES &
DEFENDERS (GLAD LAW)
18 Tremont Street, Suite 950
Boston, Massachusetts  02108
Telephone:    (617) 426-1350
Email:        jrovenger@gladlaw.org
              dbendana@gladlaw.org

GAY C. GRUNFELD – 121944
KARA J. JANSSEN – 274762
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:    (415) 433-6830
Facsimile:    (415) 433-7104
Email:        ggrunfeld@rbgg.com
              kjanssen@rbgg.com

*motion for admission *pro hac vice* forthcoming

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| Z.A., a minor, by and through their parent, A.A.; Z.B., a minor, by and through their parent, B.B.; Z.C., a minor, by and through their parent, C.C.; Z.D., a minor, by and through their parent, D.D.; Z.E., a minor, by and through their parent, E.E.; and F.F., <br><br> Plaintiffs, <br><br> v. <br><br> LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD, a California nonprofit public benefit corporation, <br><br> Defendant. | Case No. 5:26-cv-04998 <br><br> **PLAINTIFFS' APPLICATION TO PROCEED VIA PSEUDONYM** <br><br><br> Trial Date:       None Set |

[6009120.1]

Case No. 5:26-cv-04998

Pursuant to Northern District of California Local Rules 7-10 and 7-11, Plaintiffs request this Court grant Plaintiffs' application to proceed using pseudonyms to protect their identities from public disclosure.  Plaintiffs satisfy each element of the Ninth Circuit's standard for allowing a plaintiff to proceed pseudonymously.  Plaintiffs A.A., B.B., C.C., D.D., E.E., ("Plaintiff Parents") are the parents of transgender children.  Plaintiff F.F. is a nineteen-year-old transgender youth. Should their identities become known, Plaintiffs and their families may face harassment and severe harm due to transgender status. Plaintiffs' "need for anonymity" therefore outweighs any "prejudice to the opposing party" or to the public caused by allowing them to proceed pseudonymously.  *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000); *see also Publius v. Boyer-Vine*, 321 F.R.D. 358, 361 (E.D. Cal. 2017); *D.T. v. Christ*, 552 F. Supp. 3d 888, 892 n.5 (D. Ariz. 2021) ("The Court notes that all of the Plaintiffs—which included minors and their parents—"are proceeding in this case under pseudonyms to protect them from harassment stemming from their transgender status.").  Defendants do not oppose Plaintiffs proceeding via pseudonyms.

## ARGUMENT

The Ninth Circuit permits "parties to use pseudonyms . . . when nondisclosure of the party's identity is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." *Advanced Textile Corp.*, 214 F.3d at 1067–68 (internal citations and quotation marks omitted). Whether to permit a party to proceed under a pseudonym requires balancing three factors: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation"—against "the general presumption that parties' identities are public information." *Doe v. Ayers*, 789 F.3d 944, 945 (9th Cir. 2015) (quoting *Advanced Textile Corp.*, 214 F.3d at 1068).  "Applying this balancing test, courts have permitted plaintiffs to use pseudonyms . . . when identification creates a risk of retaliatory physical or mental harm" or "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature." *Advanced Textile Corp.*, 214 F.3d at 1068 (internal citation and quotation marks omitted); *see also Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015) (same).  "[W]hen the party's need for anonymity outweighs

prejudice to the opposing party and the public's interest in knowing the party's identity," that party may proceed anonymously. *Publius*, 321 F.R.D. at 361. "The decision of whether or not to allow a party to remain anonymous is within" a district court's "discretion and will not be reversed unless the [district court] relies on an erroneous view of the law, makes an erroneous assessment of the evidence, or strikes an unreasonable balance of the relevant factors." *Id*.

In order to proceed anonymously, a plaintiff must show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Doe v. Kamehameha Sch.*, 596 F.3d 1036, 1043 (9th Cir. 2010) (emphasis omitted). These two showings are "intricately related and should be addressed together." *Id.* A harm is sufficiently "severe" to allow a plaintiff to proceed anonymously where she "face[s] greater threats of retaliation than the typical [] plaintiff" in civil litigation would. *Advanced Textile Corp.*, 214 F.3d at 1070–71 (alterations omitted). The threatened retaliatory harm does not need to be physical in nature. *Id.* at 1068 (recognizing the loss of privacy "in a matter of [a] sensitive and highly personal nature" as a qualifying harm) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). A loss of privacy harm is likely to be especially severe where, as here, the plaintiff is "compelled . . . to disclose information of the utmost intimacy." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (internal quotation marks omitted). Additionally, Courts "have long recognized that the harms arising from disclosing a person's transgender status are among those that make protection by pseudonym appropriate." *Doe v. Pa. Dep't of Corr.*, 2019 WL 5683437, at *2 & nn.12–13 (M.D. Pa. Nov. 1, 2019) (collecting cases); *see also Doe v. City of Detroit*, 2018 WL 3434345, at *2 (E.D. Mich. July 17, 2018) ("Several courts have held that an individual's transgender identity can carry enough of a social stigma to overcome the presumption in favor of disclosure."). This is so because "[t]he excruciatingly private and intimate nature of transsexualism, for persons who wish to preserve privacy in the matter, is really beyond debate." *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999). Courts also regularly extend this protection to guardians and next of kin in cases involving transgender youth. *See, e.g., Roe v. Herrington*, No. 4:20-cv-00484-JAS, ECF Nos. 8, 49 (D. Ariz.) (granting motions for transgender minors and their parents to proceed via pseudonym); *see also Doe v. Horne,* No. 4:23-cv-00185-JGZ, ECF No. 44 (D. Ariz.); *Doe v. Ladapo,* No. 4:23-cv-

00114-RH-MAF, ECF No. 51 (N.D. Fl.); *Int'l Partners for Ethical Care Inc. v. Inslee*, No. 3:23-CV-05736-DGE, 2023 WL 7017765, at *1 (W.D. Wash. Oct. 25, 2023) (granting motion to proceed under pseudonym because the plaintiffs' "fear of harm [is] reasonable" in light of the potential harm to their transgender children if their identities are exposed).

I.    **PLAINTIFFS REASONABLY FEAR SEVERE HARM**

Here, Plaintiffs F.F. and Plaintiff Parents reasonably fear severe harm in the form of lost privacy, discrimination, and harassment if forced to publicly disclose their names and consequently their transgender identity or that of their children, as part of this litigation. *See Doe ex rel. Doe 2 v. Elmbrook Sch. Dist.*, 658 F.3d 710, 724 (7th Cir. 2011), *vacated on other grounds*, 687 F.3d 840, 842–43 (7th Cir. 2012). Plaintiff F.F. and Plaintiff Parents understandably hope to control to whom they disclose sensitive information about transgender status, and having to share intimate details regarding gender dysphoria in the public record will only exacerbate the emotional distress that Plaintiff F.F. and Plaintiffs' children already face and increase the risk of harassment if their participation in this suit became public. Given the nature of the rights at issue nature, being a party to this lawsuit may also require Plaintiff F.F. and Plaintiff Parents to disclose private information about their medical care, amplifying the importance of proceeding under a pseudonym. *See Powell*, 175 F.3d at 111 (recognizing "[t]he excruciatingly private and intimate nature of transsexualism"); *Doe v. Blue Cross & Blue Shield of R.I.*, 794 F. Supp. 72, 74 (D.R.I. 1992) (concluding that transgender "plaintiff's privacy interest is both precious and fragile, and this [c]ourt will not cavalierly permit its invasion"). Thus "anonymity is necessary to preserve privacy in" this matter of a "sensitive and highly personal nature," *Advanced Textile Corp.*, 214 F.3d at 1068 (quoting *James*, 6 F.3d at 238) (internal quotation marks omitted).

Moreover, Plaintiffs' fear of lost privacy, discrimination, and harassment is reasonable. As the Seventh Circuit has observed, "[t]here is no denying that transgender individuals face discrimination, harassment, and violence because of their gender identity." *Whitaker By Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1051 (7th Cir. 2017) *abrogated in part on other grounds by* Ill. Republican Party v. Pritzker, 973 F.3d 760, 762 (7th Cir. 2020). Numerous studies support the *Whitaker* court's observation. *Whitaker,* 858 F. 3d at 1051 (Citing a

2011 survey which found that "78% of students who identify as transgender or as gender non-conformant[] report being harassed while in grades K-12.") (internal citations omitted). In sum, Plaintiffs reasonably fear discrimination and harassment directed at them and their families if their identities are disclosed to the public.  The attendant loss of privacy will also cause Plaintiffs significant psychological harm and distress if the intimate details of their medical care are publicly connected to them.

## II.    TRANSGENDER YOUTH ARE PARTICULARLY VULNERABLE TO HARM FROM THE DISCLOSURE OF THEIR IDENTITIES

"[T]he anonymous party's vulnerability to" the harm they fear is a third factor a court considers in determining whether proceeding anonymously is appropriate. *Ayers*, 789 F.3d at 945 (internal citation omitted).  Plaintiff F.F. and Plaintiff Parents' children are particularly vulnerable to the harm they fear for two reasons: their young age and, as discussed above, unlike most litigants, transgender individuals are a target of pervasive harassment and discrimination in our society. *See* Section I, *supra*. "[T]he youth of" plaintiffs is often "a significant factor in the matrix of considerations arguing for anonymity[.]"  *Stegall*, 653 F.2d at 186 (finding the plaintiffs' youth to be an "especially persuasive" factor justifying anonymity); *see also Al Otro Lado, Inc. v. Nielsen*, 2017 WL 6541446, at *5 (S.D. Cal. Dec. 20, 2017) ("[C]hild-plaintiffs are deemed to be especially vulnerable, warranting their anonymity.") (internal citation and quotation marks omitted).  Recognizing the special vulnerability transgender youth face, courts in the Ninth Circuit have consistently allowed transgender children to proceed pseudonymously.  *See e.g.*, *Christ*, 552 F. Supp. 3d at 892 n.5 ("The Court notes that all of the Plaintiffs—including minors and their parents—"are proceeding in this case under pseudonyms to protect them from harassment stemming from their transgender status."); *Koller*, 415 F. Supp. 2d at 1133 (allowing a transgender teenager to proceed under a pseudonym); *Hecox v. Little*, 479 F. Supp. 3d 930, 946 n.*3 vacated in part on other grounds*, 104 F.4th 1061 (9th Cir. 2024)  (allowing transgender child-plaintiff and her parents to proceed under pseudonyms). That Plaintiff Parents' children belong to two groups that are particularly vulnerable to harm weighs strongly in favor of proceeding via pseudonyms.

**III.     ALLOWING PLAINTIFFS TO PROCEED VIA PSEUDONYM WILL NOT PREJUDICE DEFENDANTS AND IS IN THE PUBLIC INTEREST**

Courts must balance the factors in favor of anonymity against the prejudice that a defendant might suffer as a result and determine whether allowing the plaintiff to proceed anonymously serves the public interest. *Ayers*, 789 F.3d at 945; *Publius*, 321 F.R.D. at 361. The defendant's knowledge of the plaintiff's identity "lessens" any claims the defendant can make that it is "prejudiced by the use of pseudonyms," *Advanced Textile*, 214 F.3d at 1069 n.11, because this knowledge gives a defendant "the information [it] need[s] to defend against the claims" brought against it, *Al Otro Lado, Inc.*, 2017 WL 6541446, at *6. Additionally, though the public has a "right to open courts," it also "has an interest in seeing" cases involving important issues "decided on the merits." *Kamehameha Sch.*, 596 F.3d at 1042–43 (quoting *Advanced Textile*, 214 F.3d at 1073). In these cases, "permitting plaintiffs to use pseudonyms" can "serve the public's interest in th[e] lawsuit by enabling it to go forward." *Advanced Textile*, 214 F.3d at 1073. Plaintiffs do not object to revealing their identity to Defendant, if necessary, under an appropriate protective order and thereby giving Defendant the information it needs to defend against the claims in this suit. As such, Defendant will not be prejudiced if Plaintiffs are permitted to proceed anonymously. *See Advanced Textile*, 214 F.3d at 1069 n.11.

**CONCLUSION**

For the forgoing reasons, the Court should grant Plaintiffs' unopposed application to proceed via pseudonyms.

DATED:  May 27, 2026                    Respectfully submitted,

NATIONAL CENTER FOR LGBTQ RIGHTS
GLBTQ LEGAL ADVOCATES & DEFENDERS
(GLAD LAW)
ROSEN BIEN GALVAN & GRUNFELD LLP

By:  */s/ Kara J. Janssen*
      Kara J. Janssen

Attorneys for Plaintiffs