SHANNON P. MINTER – 168907
CHRISTOPHER F. STOLL – 179046
AMY WHELAN – 215675
RACHEL BERG*
NATIONAL CENTER FOR LGBTQ RIGHTS
1401 21st Street #11548
Sacramento, California  94102
Telephone:     (415) 392-6257
Email:          sminter@nclrights.org
                    cstoll@nclrights.org
                    awhelan@nclrights.org
                    rberg@nclrights.org

JOSHUA ROVENGER*
DONOVAN BENDANA*
GLBTQ LEGAL ADVOCATES &
DEFENDERS (GLAD LAW)
18 Tremont Street, Suite 950
Boston, Massachusetts  02108
Telephone:     (617) 426-1350
Email:          jrovenger@gladlaw.org
                    dbendana@gladlaw.org

GAY C. GRUNFELD – 121944
KARA J. JANSSEN – 274762
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:     (415) 433-6830
Facsimile:     (415) 433-7104
Email:          ggrunfeld@rbgg.com
                    kjanssen@rbgg.com

*motion for admission *pro hac vice* forthcoming

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| Z.A., a minor, by and through their parent, A.A.; Z.B., a minor, by and through their parent, B.B.; Z.C., a minor, by and through their parent, C.C.; Z.D., a minor, by and through their parent, D.D.; Z.E., a minor, by and through their parent, E.E.; and F.F.,<br><br>Plaintiffs,<br><br>v.<br><br>LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD, a California nonprofit public benefit corporation,<br><br>Defendant. | Case No. 5:26-cv-04998<br><br>**PLAINTIFFS' EX PARTE NOTICE OF MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Trial Date:        None Set |

Plaintiffs Z.A., Z.B., Z.C., Z.D., Z.E., and F.F. (collectively, "Plaintiffs") respectfully submit this Ex Parte Notice of Plaintiffs' Motion for a Temporary Restraining Order ("TRO").   Plaintiffs seek emergency relief enjoining Defendant Lucile Salter Packard Children's Hospital at Stanford ("Stanford") and all persons acting in concert with it or on its behalf from producing, transmitting, disclosing, or otherwise making available to the United States, the Department of Justice, the grand jury sitting in the United States District Court for the Northern District of Texas, or any agent or representative of any of these entities, any records, documents, or information responsive to specifications 12–14 of the grand jury subpoena, or otherwise providing Plaintiffs' identifying information or protected health information ("PHI") to any of these persons or entities.

This Motion is made on the grounds that Plaintiffs face immediate and irreparable harm if Stanford produces their identifying information and PHI in response to a Subpoena to Testify Before Grand Jury issued, on information and belief, to Stanford by the United States District Court for the Northern District of Texas. On information and belief, the return date for the grand jury subpoena is no later than June 10, 2026. Unless this Court acts before that date, Plaintiffs constitutionally protected medical records will be irreversibly disclosed to federal prosecutors, permanently destroying Plaintiffs' privacy interests and rendering any subsequent relief meaningless.

This Motion is based on the accompanying Complaint for Declaratory and Injunctive Relief; the accompanying Memorandum in Support of Plaintiffs' Motion for a Preliminary Injunction, Temporary Restraining Order and Order to Show Cause; the accompanying proposed Order to Show Cause and Temporary Restraining Order; the accompanying supporting declarations; as well as the papers, evidence, and records on file in this action, and any other written or oral evidence or argument presented at or before the time this Motion is heard by the Court.

A TRO is warranted because: (1) Plaintiffs are likely to succeed on the merits of their constitutional claims under the Fifth Amendment; (2) Plaintiffs will suffer irreparable harm absent immediate relief, as the disclosure of their identifying information and PHI

PLAINTIFFS' EX PARTE NOTICE OF MOTION FOR TEMPORARY RESTRAINING ORDER

would permanently and irrevocably destroy their privacy interests; (3) the balance of equities tips sharply in Plaintiffs' favor, as Stanford would suffer no cognizable harm from a brief delay in producing the specific patient-identifying records at issue; and (4) an injunction is in the public interest because it is always in the public interest to prevent the violation of a party's constitutional rights.

WHEREFORE, Plaintiffs have made diligent efforts to provide notice to Defendant's counsel of this Motion, as set forth in the accompanying declaration of Kara Janssen filed in support of this Motion.

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Issue a Temporary Restraining Order enjoining Stanford and all persons acting in concert with it or on its behalf from producing, transmitting, disclosing, or otherwise making available Plaintiffs' identifying information or PHI in response to the grand jury subpoena or any substantially similar subpoena, order, or request;

2. Issue an Order to Show Cause why a preliminary injunction should not be entered on the same terms;

3. Grant such other and further relief as the Court deems just and proper.

DATED:  May 27, 2026                    Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP


By:  /s/ Kara J. Janssen
     Kara J. Janssen

Attorneys for Plaintiffs