SHANNON P. MINTER – 168907
CHRISTOPHER F. STOLL – 179046
AMY WHELAN – 215675
RACHEL BERG*
NATIONAL CENTER FOR LGBTQ RIGHTS
1401 21st Street #11548
Sacramento, California  94102
Telephone:     (415) 392-6257
Email:          sminter@nclrights.org
                cstoll@nclrights.org
                awhelan@nclrights.org
                rberg@nclrights.org

JOSHUA ROVENGER*
DONOVAN BENDANA*
GLBTQ LEGAL ADVOCATES &
DEFENDERS (GLAD LAW)
18 Tremont Street, Suite 950
Boston, Massachusetts  02108
Telephone:     (617) 426-1350
Email:          jrovenger@gladlaw.org
                dbendana@gladlaw.org

GAY C. GRUNFELD – 121944
KARA J. JANSSEN – 274762
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:     (415) 433-6830
Facsimile:     (415) 433-7104
Email:          ggrunfeld@rbgg.com
                kjanssen@rbgg.com

*motion for admission *pro hac vice* forthcoming

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| Z.A., a minor, by and through their parent, A.A.; Z.B., a minor, by and through their parent, B.B.; Z.C., a minor, by and through their parent, C.C.; Z.D., a minor, by and through their parent, D.D.; Z.E., a minor, by and through their parent, E.E.; and F.F., <br><br> Plaintiffs, <br><br> v. <br><br> LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD, a California nonprofit public benefit corporation, <br><br> Defendant. | Case No. 5:26-cv-4998 <br><br> **DECLARATION OF E.E. IN SUPPORT OF PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER** <br><br> Trial Date:          None Set |

[6008448.2]

Case No. 5:26-cv-4998

DECLARATION OF E.E.

I, E.E., declare as follows:

1.      I am the mother of my 14-year-old son, Z.E., who is transgender.  We are residents of Santa Clara County, California.

2.      My child began receiving care at Stanford in approximately 2023.  His care has included psychological care, care from a primary care provider based out of the gender clinic, and care from a nurse practitioner.

3.      My child received a replacement puberty blocking implant in approximately 2025 and also began hormone replacement therapy in approximately 2025.

4.      My child's Stanford records contain extremely sensitive and private information about his gender identity, medical care, physical development, mental health, and other personal matters.

5.      My son is not publicly out as transgender.  His school, friends, and community do not know that he is transgender.  He is also a very private person generally.

6.      My son really struggles with his gender dysphoria, and it is hard for him to talk about.  When he speaks with his psychologist, it is important for him to have confidentiality and a safe space, especially as he is going through puberty, experiencing changes in his body, and exploring his sexuality.

7.      I assumed that my child's medical records would be kept extremely confidential, especially given the vulnerability of this community.  I expected that I would be asked for permission before my son's medical records were shared beyond his providers.

8.      I never consented to Stanford disclosing my child's patient-identifying medical records to the government.

9.      I was not notified by Stanford that the government was seeking patient-identifying records.

10.      If I had known that my child's medical records might later be requested by the government, I would have made different decisions.  We chose Stanford because we trusted Stanford and believed it was an institution that advocated for care for the LGBTQ+

community.  I would have chosen a different provider if I had known Stanford would turn my son's medical records over to this government.

11.     I do not believe the government has any business interfering with the privacy of my son's physical development process by obtaining his sensitive medical records.

12.     Disclosure would affect both my son's physical safety and mental health.  I am scared for him being outed when he has not chosen to be, especially because he is entering high school.  His whole life would change if his medical records were disclosed.

13.     The possibility of disclosure makes me question whether my family is safe in this country and whether we need backup plans to make sure our children can still thrive and succeed.  It is the kind of thing that makes you wonder whether you should leave the country.

14.     I do not believe removing names or obvious identifiers would protect my child's privacy.  With advanced technology and the details contained in medical records, I believe it would be easy to identify my son and our family.

15.     I would not participate in this litigation without a pseudonym because my son is not out, and that is his decision to make when he is ready.  My son's well-being depends on being able to develop as a private person.

16.     For all these reasons, I strongly object to the disclosure of my child's Stanford medical records to the government.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, and that this declaration is executed this 26 day of May, 2026.

_____
E.E.