SHANNON P. MINTER – 168907
CHRISTOPHER F. STOLL – 179046
AMY WHELAN – 215675
RACHEL BERG*
NATIONAL CENTER FOR LGBTQ RIGHTS
1401 21st Street #11548
Sacramento, California  94102
Telephone: (415) 392-6257
Email:      sminter@nclrights.org
                 cstoll@nclrights.org
                 awhelan@nclrights.org
                 rberg@nclrights.org

ABBE DAVID LOWELL (*pro hac vice*)
CALEB HAYES-DEATS (*pro hac vice*)
SCHUYLER STANDLEY (*pro hac vice*)
Lowell & Associates, PLLC
1250 H Street, N.W., Suite 250
Washington, DC 20005
Telephone:   (202) 964-6110
Facsimile:    (202) 964-6116
Email:
ALowellpublicoutreach@lowellandassociates.com
CHayes-Deats@lowellandassociates.com
Sstandley@lowerllandassociates.com

Attorneys for Plaintiffs

GAY C. GRUNFELD – 121944
KARA J. JANSSEN – 274762
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:    (415) 433-6830
Facsimile:     (415) 433-7104
Email:         ggrunfeld@rbgg.com
                  kjanssen@rbgg.com

JOSHUA ROVENGER (*pro hac vice*)
DONOVAN BENDANA (*pro hac vice*)
GLBTQ LEGAL ADVOCATES &
DEFENDERS (GLAD LAW)
18 Tremont Street, Suite 950
Boston, Massachusetts  02108
Telephone: (617) 426-1350
Email:      jrovenger@gladlaw.org
                 dbendana@gladlaw.org

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| Z.A., a minor, by and through their parent, A.A.; Z.B., a minor, by and through their parent, B.B.; Z.C., a minor, by and through their parent, C.C.; Z.D., a minor, by and through their parent, D.D.; Z.E., a minor, by and through their parent, E.E.; F.F.; and Z.G., a minor, by and through their parents, G.G. and A.G., on behalf of themselves and all those similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>TODD BLANCHE, in his official capacity as Acting Attorney General of the United States; U.S. DEPARTMENT OF JUSTICE; and LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD, a California nonprofit public benefit corporation,<br><br>　　　　　Defendant. | Case No. 5:26-cv-04998<br><br>**PLAINTIFFS' EX PARTE NOTICE OF MOTION AND MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**<br><br>**PROPOSED CLASS ACTION**<br><br>Assigned to: Hon. P. Casey Pitts |

Plaintiffs Z.A., Z.B., Z.C., Z.D., Z.E., F.F., Z.G., G.G., and A.G. (collectively, "Plaintiffs") respectfully submit this Ex Parte Notice of Plaintiffs' Motion for a Temporary Restraining Order ("TRO"). Plaintiffs seek emergency relief enjoining Defendants U.S. Department of Justice and Acting Attorney General Todd Blanche (together, "DOJ") and all persons acting in concert with DOJ or on their behalf, from requesting, receiving, producing, transmitting, disclosing, or otherwise obtaining any records, documents, or information responsive to specifications 12-14 of the Grand Jury Subpoenas issued to Defendant Lucile Salter Packard Children's Hospital at Stanford ("LPCH") or any substantially similar subpoena issued to any California health care provider, or otherwise obtaining Plaintiffs' identifying information or protected health information in violation of rights secured by the U.S. Constitution. This Motion is made on the grounds that Plaintiffs and the proposed class face immediate and irreparable harm if DOJ obtains their identifying information and PHI in response to Grand Jury Subpoenas issued by DOJ to LPCH and, on information and belief, other healthcare entities in California.

On information and belief, the return date for the Grand Jury Subpoenas is no later than June 10, 2026. Unless this Court acts before that date, Plaintiffs' and the proposed class's constitutionally protected medical records will be irreversibly disclosed to federal prosecutors, permanently destroying their privacy and speech interests and rendering any subsequent relief meaningless.

This Motion is based on the accompanying Amended Complaint for Declaratory and Injunctive Relief; the accompanying Memorandum in Support of Plaintiffs' Motion for a Temporary Restraining Order and Order to Show Cause; the accompanying Proposed Order to Show Cause and Temporary Restraining Order; the Motion for Provisional Class Certification; the accompanying supporting declarations; as well as the papers, evidence, and records on file in this action, and any other written or oral evidence or argument presented at or before the time this Motion is heard by the Court.

A TRO is warranted because: (1) Plaintiffs and the proposed class members are likely to succeed on the merits of their constitutional claims under the First and Fifth Amendments; (2) Plaintiffs and the proposed class members will suffer irreparable harm absent immediate relief,

as the disclosure of their identifying information and PHI would permanently and irrevocably destroy their privacy and speech interests; (3) the balance of equities and the public interest tips sharply in Plaintiffs' and the proposed class members' favor, as DOJ would suffer no cognizable harm from a brief delay in producing the specific patient-identifying records at issue; and (4) an injunction is in the public interest because it is always in the public interest to prevent the violation of a party's constitutional rights.

Plaintiffs have made diligent efforts to provide notice to Defendants' counsel of this Motion, as set forth in the accompanying declaration of Caleb Hayes-Deats filed in support of this Motion.

Plaintiffs additionally request that the Court exercise its discretion to waive the security under Federal Rule of Civil Procedure 65(c). *See Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) ("Despite the seemingly mandatory language, 'Rule 65(c) invests the district court 'with discretion as to the amount of security required, if any.'" (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003)). Here, "it is unlikely that the government will incur any significant cost and requiring a bond 'would have a negative impact on plaintiff[s'] constitutional rights, as well as the constitutional rights of other members of the public.'" *Teroganesyan v. Noem*, No. 26-cv-00124, 2026 WL 246014, at *4 (C.D. Cal. Jan. 26, 2026) (quoting *Baca v. Moreno Valley Unified Sch. Dist.*, 936 F. Supp. 719, 738 (C.D. Cal. 1996)).

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Issue a Temporary Restraining Order enjoining DOJ and all persons acting in concert with DOJ or on their behalf from requesting, receiving, producing, transmitting, disclosing, or otherwise obtaining any records, documents, or information responsive to specifications 12-14 of the Grand Jury Subpoenas issued to LPCH or any substantially similar subpoena issued to any California health care provider, or otherwise obtaining Plaintiffs' identifying information or protected health information in violation of rights secured by the U.S. Constitution.

2. Issue an Order to Show Cause why a preliminary injunction should not be entered on the same terms;

PLAINTIFFS' EX PARTE NOTICE OF MOTION AND MOTION FOR TEMPORARY RESTRAINING ORDER

3. Waive the security requirement under Fed. R. Civ. P. 65(c);

4. Grant such other and further relief as the Court deems just and proper.


Respectfully submitted,

DATED:  June 8, 2026

/s/ Caleb Hayes-Deats

Caleb Hayes-Deats

PLAINTIFFS' EX PARTE NOTICE OF MOTION AND MOTION FOR TEMPORARY RESTRAINING ORDER