SHANNON P. MINTER – 168907
CHRISTOPHER F. STOLL – 179046
AMY WHELAN – 215675
RACHEL BERG*
NATIONAL CENTER FOR LGBTQ RIGHTS
1401 21st Street #11548
Sacramento, California  94102
Telephone:(415) 392-6257
Email:      sminter@nclrights.org
              cstoll@nclrights.org
              awhelan@nclrights.org
              rberg@nclrights.org

ABBE DAVID LOWELL (*pro hac vice*)
CALEB HAYES-DEATS (*pro hac vice*)
SCHUYLER STANDLEY (*pro hac vice*)
Lowell & Associates, PLLC
1250 H Street, N.W., Suite 250
Washington, DC 20005
Telephone: (202) 964-6110
Facsimile:  (202) 964-6116
Email:
ALowellpublicoutreach@lowellandassociates.com
CHayes-Deats@lowellandassociates.com
SStandley@lowellandassociates.com

Attorneys for Plaintiffs

GAY C. GRUNFELD – 121944
KARA J. JANSSEN – 274762
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:    (415) 433-6830
Facsimile:     (415) 433-7104
Email:          ggrunfeld@rbgg.com
                  kjanssen@rbgg.com

JOSHUA ROVENGER (*pro hac vice*)
DONOVAN BENDANA (*pro hac vice*)
GLBTQ LEGAL ADVOCATES &
DEFENDERS (GLAD LAW)
18 Tremont Street, Suite 950
Boston, Massachusetts  02108
Telephone:(617) 426-1350
Email:      jrovenger@gladlaw.org
              dbendana@gladlaw.org

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| Z.A., a minor, by and through their parent, A.A.; Z.B., a minor, by and through their parent, B.B.; Z.C., a minor, by and through their parent, C.C.; Z.D., a minor, by and through their parent, D.D.; Z.E., a minor, by and through their parent, E.E.; F.F.; and Z.G., a minor, by and through their parents, G.G. and A.G., on behalf of themselves and all those similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>TODD BLANCHE, in his official capacity as Acting Attorney General of the United States; U.S. DEPARTMENT OF JUSTICE; and LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD, a California nonprofit public benefit corporation,<br><br>        Defendants. | Case No. 5:26-cv-04998-PCP<br><br>**DECLARATION OF CALEB HAYES-DEATS IN SUPPORT OF PLAINTIFFS' EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**<br><br>**PROPOSED CLASS ACTION**<br><br>Assigned to: Hon. P. Casey Pitts<br><br>Trial Date:   None Set |

[6008648.4]

I, Caleb Hayes-Deats, declare under 28 U.S.C. § 1746 as follows:

1. I am an attorney licensed to practice law in the State of New York and the District of Columbia. I have been admitted in this Court *pro hac vice* to serve as co-counsel for Plaintiffs in this case. ECF 34. I have personal knowledge of the facts contained in this declaration and, if called as a witness, am competent to testify to those facts.

2. I submit this declaration in support of Plaintiffs' *ex parte* motion for a temporary restraining order ("TRO") and order to show cause why a preliminary injunction should not issue.

3. On June 8, 2026, Plaintiffs' counsel informed counsel for Defendant the U.S. Department of Justice ("DOJ") of our intention to move for a TRO barring DOJ from obtaining protected health information ("PHI") concerning the individual Plaintiffs and a proposed class of similarly situated patients. DOJ responded that it understood that Plaintiffs would "challenge a Northern District of Texas grand jury subpoena," the "existence of which [it] cannot confirm." Because of "issues surrounding Rule 6(e)" and DOJ's assertion this lawsuit was "filed in the wrong court," DOJ informed Plaintiffs' counsel that it did not "believe a discussion will be helpful at present."

4. In a similar case concerning a grand jury subpoena served on NYU Langone Hospital, DOJ stipulated that "[n]o healthcare institution located in New York City, including NYU Langone Hospitals, shall be required to produce or disclose any material covered by the lawsuit (i.e., identifying and sensitive health information) to the U.S. Department of Justice, or any component thereof, before June 24, 2026," and that the "United States will not obtain any such documents or materials prior to June 24, 2026." *Coe v. Blanche*, No. 1:26-cv-4641 (S.D.N.Y.), ECF 21 at 1. The parties further stipulated that opposition briefs to the motion for a TRO would be due June 15, 2026, that the reply brief would be due June 18, 2026, and that a hearing would be held on June 22, 2026. *Id.* at 2.

5. Plaintiffs' counsel also informed counsel for Lucille Salter Packard Children's Hospital at Stanford ("LPCH") of our intention to move for a temporary restraining order barring DOJ from obtaining protected health information ("PHI") concerning the individual Plaintiffs and a proposed class of similarly situated patients. Counsel for LPCH stated that it takes no position on

[6008648.4]                                         1                                    Case No. 5:26-cv-4998
DECLARATION OF CALEB HAYES-DEATS

a motion for a TRO directed at DOJ, but does not consent to any motion for class certification to the extent that any class claims are directed to LPCH.

6. Plaintiffs respectfully request that the Court enter emergency relief on an *ex parte* basis no later than June 9, 2026, at 5:00pm PT. For the reasons explained in the accompanying memorandum of points and authorities in support of the motion for a TRO, Plaintiffs believe that, absent Court intervention, irreparable harm will occur on June 10.

7. Plaintiffs will continue to confer with counsel for the Defendants in a good-faith effort to agree on a proposed schedule for briefing and hearing this motion during the period of time covered by any TRO.

I declare under 28 U.S.C. § 1746 and under the penalty of perjury, that the foregoing statements in this affidavit are true and correct.

Executed: June 8, 2026.

_Caleb Hayes-Deats_

Caleb Hayes-Deats