SHANNON P. MINTER – 168907
CHRISTOPHER F. STOLL – 179046
AMY WHELAN – 215675
RACHEL BERG*
NATIONAL CENTER FOR LGBTQ RIGHTS
1401 21st Street #11548
Sacramento, California 94102
Telephone: (415) 392-6257
Email:      sminter@nclrights.org
            cstoll@nclrights.org
            awhelan@nclrights.org
            rberg@nclrights.org

ABBE DAVID LOWELL (*pro hac vice*)
CALEB HAYES-DEATS (*pro hac vice*)
SCHUYLER STANDLEY (*pro hac vice*)
Lowell & Associates, PLLC
1250 H Street, N.W., Suite 250
Washington, DC 20005
Telephone:   (202) 964-6110
Facsimile:   (202) 964-6116
Email:
ALowellpublicoutreach@lowellandassociates.com
CHayes-Deats@lowellandassociates.com
Sstandley@lowerllandassociates.com

Attorneys for Plaintiffs

GAY C. GRUNFELD – 121944
KARA J. JANSSEN – 274762
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:   (415) 433-6830
Facsimile:   (415) 433-7104
Email:       ggrunfeld@rbgg.com
             kjanssen@rbgg.com

JOSHUA ROVENGER (*pro hac vice*)
DONOVAN BENDANA (*pro hac vice*)
GLBTQ LEGAL ADVOCATES &
DEFENDERS (GLAD LAW)
18 Tremont Street, Suite 950
Boston, Massachusetts 02108
Telephone: (617) 426-1350
Email:       jrovenger@gladlaw.org
             dbendana@gladlaw.org

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| Z.A., a minor, by and through their parent, A.A.; Z.B., a minor, by and through their parent, B.B.; Z.C., a minor, by and through their parent, C.C.; Z.D., a minor, by and through their parent, D.D.; Z.E., a minor, by and through their parent, E.E.; F.F.; and Z.G., a minor, by and through their parents, G.G. and A.G., on behalf of themselves and all those similarly situated, | Case No. 5:26-cv-04998-PCP |
| Plaintiffs, | **DECLARATION OF G.G. IN SUPPORT OF PLAINTIFFS' MOTIONS** |
| v. | |
| TODD BLANCHE, in his official capacity as Acting Attorney General of the United States; U.S. DEPARTMENT OF JUSTICE; and LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD, a California nonprofit public benefit corporation;, | |
| Defendants. | |

[6011543.2]

Case No. 5:26-cv-04998

DECLARATION OF G.G. IN SUPPORT OF PLAINTIFFS' MOTIONS

I, G.G., declare:

1. I am the mother of my 13-year-old daughter, Z.G., who is transgender. We are residents of Menlo Park, California.

2. My daughter was born at Stanford Hospital, and she has received care there continuously to the present day. Her care has included gender-related medical care. She has seen a therapist, a psychiatrist, an endocrinologist, and two pediatricians through Stanford. In approximately 2025, she was seen at Stanford for a puberty blocker implant.

3. Every day I see the benefit my daughter has gotten from the gender-related medical care she receives at Stanford. I believe that it is saving her life.

4. The details of my daughter's medical care are very private. Her Stanford records contain extremely sensitive and specific information about her gender identity, medical care, treatment decisions, therapy notes, and related issues.

5. It was hard for my daughter at the beginning to warm up to the providers. Privacy and trust were important to her ability to participate in necessary conversations with her care team and to receive appropriate medical care.

6. I understood that my daughter's medical information would be used only to provide appropriate treatment and would not be disclosed beyond her care team. It never occurred to me that anyone else would have access to that information.

7. I never consented to Stanford disclosing my daughter's patient-identifying medical records to the government.

8. I was not notified by Stanford that the government was seeking patient-identifying records. I found out about the first administrative subpoena by reading the news. I have even asked my daughter's doctors about whether they would be releasing my daughter's Stanford records, but they could not tell us anything.

9. It was a very difficult decision to seek care in the beginning. If I had known that my daughter's medical records might later be requested by the government, it would have affected our decisions.

10. This information is none of the government's business, and I cannot think of

any good reason for the government to have it.

11. I fear that the government wants to prosecute providers, and possibly even parents, for obtaining care that is in the best interests of transgender children.

12. My greatest fear is that the government could try to take my daughter away from me to subject her to so-called conversion therapy, which I believe is torture.

13. Disclosure would affect our family's willingness to seek care and share sensitive information in the future. I still trust our providers, but my trust in the hospital administration has already been impaired. If Stanford turns over our information, it would be incredibly difficult to return there, but equally difficult to find providers anywhere in the United States who are as competent and whom my daughter would trust.

14. I believe that removing names or obvious identifiers would not protect my daughter's privacy. Details such as her age, dates and locations of care, treatment history, therapy notes, providers, diagnosis, and family circumstances would inevitably identify her.

15. I am concerned about my name or my daughter's name being publicly linked to this case. I would not participate in this litigation if we could not use pseudonyms, because my number one priority is protecting my daughter. If our names were public, I believe our safety would be jeopardized.

16. For all these reasons, I strongly object to the disclosure of my daughter's Stanford medical records to the government. We made these medical decisions with the understanding that my daughter's medical information would be kept private and confidential.

17. I agreed to be a class representative in this case because I want to fight for the rights of other people who receive gender-related medical care, in addition to my daughter, to protect their sensitive medical information and their right to continue obtaining care. I have been cooperating fully with my counsel and am responding to all requests for information to the best of my ability and recollection, and will continue to do so in the future. My lawyers keep me updated on the progress of this case, and I will

review all materials provided to me and provide my input to the best of my ability. When I have questions about the case, I will ask the attorneys for help to understand everything to the best of my ability.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, and that this declaration is executed at Menlo Park, California this 8th___ day of June, 2026.

Signed by:

G G

0608082C45424D1...

G.G.