ROB BONTA
Attorney General of California
NELI N. PALMA
Senior Assistant Attorney General
NIMROD PITSKER ELIAS
Supervising Deputy Attorney General
CRYSTAL ADAMS (SBN 308638)
Deputy Attorney General
 1515 Clay Street, 20th Floor
 Oakland, CA 94612-0550
 Telephone: (510) 879-3428
 E-mail: Crystal.Adams@doj.ca.gov
*Attorneys for the People of the State of California*

[*Additional Counsel Listed on Signature Page*]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **Z.A., a minor, by and through their parent, A.A.,**<br><br>Plaintiffs<br><br>v.<br><br>**TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,**<br><br>Defendants. | Case No.: 5:26-cv-04998-PCP<br><br>**BRIEF OF AMICI CURIAE STATES IN SUPPORT OF PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Judge: Hon. P. Casey Pitts |

**TABLE OF CONTENTS**

**Page**

Interests of Amici States ....................................................................................... 1

Argument ................................................................................................................. 2

       The Department of Justice Seeks to Interfere with Amici States' Authority
       to Regulate the Practice of Medicine. ................................................... 2

Conclusion .............................................................................................................. 7

`

i

# TABLE OF AUTHORITIES

**Page**

CASES

*Barsky v. Bd. of Regents*
347 U.S. 442 (1954) ........................................................................................... 3

*Berman v. Parker*
348 U.S. 26 (1954) ............................................................................................. 2

*Buckman v. Plaintiffs' Legal Comm.*
531 U.S. 341 (2001) ........................................................................................... 3

*Dent v. West Virginia*
129 U.S. 114 (1889) ........................................................................................... 2

*Gonzales v. Carhart*
550 U.S. 124 (2007) ........................................................................................... 3

*Gonzales v. Oregon*
546 U.S. 243 (2006) ........................................................................................... 3

*Hillsborough Cnty., Fla. v. Automated Med. Lab'ys, Inc.*
471 U.S. 707 (1985) ........................................................................................ 2, 3

*In re Boston Children's Hospital Subpoena*
2025 WL 2607784 (D. Mass. Sep. 9, 2025) ...................................................... 7

*Linder v. United States*
268 U.S. 5 (1925) ............................................................................................... 2

*Massachusetts v. Trump*
2026 WL 1584837 (D. Mass. June 3, 2026) ...................................................... 7

*Medtronic, Inc. v. Lohr*
518 U.S. 470 (1996) ........................................................................................... 2

*Metro. Life Ins. Co. v. Massachusetts*
471 U.S. 724 (1985) ........................................................................................... 2

Slaughterhouse Cases, 83 U.S. 36, 62 (1873) ................................................... 2

*Watson v. Maryland*
218 U.S. 173 (1910) ........................................................................................... 3

`

ii

**TABLE OF AUTHORITIES**
(continued)

Page

STATUTES

Cal. Bus. & Prof. Code
  § 850.1 ........................................................................................................ 6
  § 852 .......................................................................................................... 6

Cal. Civ. Code
  § 51(b) ....................................................................................................... 4
  § 51(e)(6) ................................................................................................... 4
  § 56.109 ..................................................................................................... 5
  § 1798.301 ................................................................................................. 6

Cal. Code Regs. Title 10
  § 2561.2(a) ................................................................................................ 5

Cal. Gov't Code
  § 12940(a) ................................................................................................. 4
  § 12955 ...................................................................................................... 4

Cal. Ins. Code
  § 10133.13 ................................................................................................. 6

Cal. Welf. & Inst. Code
  § 14197.09 ................................................................................................. 5

Code Colo. Regs.
  §5(A)(1)(o) ................................................................................................ 5
  §702-4, 4-2-42 ........................................................................................... 5

Colo. Rev. Stat.
  § 10-4-109.6(1) .......................................................................................... 6
  § 10-16-121(1)(f) ....................................................................................... 5
  § 12-30-121 ............................................................................................... 6
  § 13-21-133 ............................................................................................... 5
  § 16-3-102 ................................................................................................. 5
  § 16-3-301 ................................................................................................. 5

Conn. Gen. Stat.
  § 10-15c ..................................................................................................... 4
  § 19a-17e ................................................................................................ 5, 6
  § 20-579a ................................................................................................... 6
  § 46a-58 *et seq.* ...................................................................................... 4
  § 52-146w ................................................................................................. 5
  § 52-571m .............................................................................................. 5, 6

iii

**TABLE OF AUTHORITIES**
(continued)

**Page**

Controlled Substances Act ........................................................................................... 3

D.C. Code
    § 2-1401.01 *et seq*. ............................................................................................. 4

Del. Code
    Title 6, Chapter 45............................................................................................... 4
    Title 6, Chapter 46............................................................................................... 4
    Title 18, § 2304 ................................................................................................... 5
    Title 19, Chapter 7............................................................................................... 4

Ill. Admin. Code
    Title 50, § 2603.35 .............................................................................................. 5
    Title 89, § 140.440(h).......................................................................................... 5

Ill. Comp. Stat.
    5/1-102(A)............................................................................................................ 4
    5/1-103(O-1) ....................................................................................................... 4
    5/1-103(Q)............................................................................................................ 4
    5/356z.60(b) ........................................................................................................ 5
    40/28-5 *et seq*. .................................................................................................. 5
    60/22(C) ............................................................................................................... 6
    60/23(A)(3) .......................................................................................................... 6

Mass. Gen. Laws
    Chapter 12, § 11I½(b)-(d) .................................................................................. 5
    Chapter 112, § 5F½ ............................................................................................. 6
    Chapter 112, § 77 ................................................................................................ 6
    Chapter 112, § 128 .............................................................................................. 6
    Chapter 147, § 63 ................................................................................................ 5
    Chapter 151B, § 4 ............................................................................................... 4
    Chapter 272, § 92A ......................................................................................... 4, 5
    Chapter 272, § 98 ............................................................................................ 4, 5
    Chapter 276, § 13 ................................................................................................ 5

Md. Code Ann.
    Educ.§ 26-704 ..................................................................................................... 4
    Health-Gen.§ 15-151 ........................................................................................... 5
    Health Occ. § 1-227 ............................................................................................ 6
    Ins. § 15-1A-22 ................................................................................................... 5
    State Gov't § 20-606 ........................................................................................... 4
    State Gov't § 20-705 ........................................................................................... 4
    State Pers. & Pens. § 2-312 ................................................................................ 5

iv

# TABLE OF AUTHORITIES
(continued)

**Page**

Me. Rev. Stat.
 Title 5, § 4551 *et seq.* ................................................................................................ 4
 Title 14, § 9001 *et seq.* .............................................................................................. 5
 Title 22, § 1508 ........................................................................................................... 5
 Title 22, § 3174-MMM ............................................................................................... 5

Mich. Comp. Laws
 § 37.2202(1)(a) ........................................................................................................... 4

2023 Minn. Laws Chapter 29 ............................................................................................ 5

Minn. Stat.
 § 62Q.585 .................................................................................................................... 5
 § 256B.0625, subd. 3a ................................................................................................ 5
 § 260.925 ..................................................................................................................... 5
 § 363A.01 *et seq.* ....................................................................................................... 4
 § 363A.03, subd. 50 .................................................................................................... 4

N.J. Stat. Ann.
 § 10:5-1 *et seq.* .......................................................................................................... 4
 § 17:48-6oo ............................................................................................................. 4, 5
 § 18A:36-41 ................................................................................................................ 4

N.Y. Civ. Rights Law
 § 40-c .......................................................................................................................... 4
 § 70-b .......................................................................................................................... 5

N.Y. Comp. Codes R. & Regs.
 Title 9, § 466.13 ......................................................................................................... 4
 Title 10, § 405.7(c)(2) ................................................................................................ 5
 Title 11, § 52.75 ......................................................................................................... 5
 Title 18, § 505.2(l) ...................................................................................................... 5

N.Y. Educ. Law
 § 6531-b ...................................................................................................................... 6

N.Y. Exec. Law
 § 296-a ........................................................................................................................ 4
 § 296-b ........................................................................................................................ 4
 § 837-x ........................................................................................................................ 5

N.Y. Fam. Ct. Act
 § 659 ........................................................................................................................... 5

v

**TABLE OF AUTHORITIES**
**(continued)**

Page

N.Y. Ins. Law
  § 3436-a ............................................................................................................ 6

Nev. Rev. Stat.
  § 118.100 ........................................................................................................... 4
  § 284.150(3) ...................................................................................................... 4
  § 439.994 ........................................................................................................... 4
  § 449.101(1) ...................................................................................................... 4
  § 613.330 ........................................................................................................... 4

Or. Rev. Stat.
  § 15.430 ............................................................................................................. 5
  § 24.500 ............................................................................................................. 5
  § 414.769 ........................................................................................................... 5
  § 435.210 ........................................................................................................... 5
  § 435.240 ........................................................................................................... 5
  § 659A.006 ........................................................................................................ 4
  § 659A.030 ........................................................................................................ 4
  § 659A.403 ........................................................................................................ 4
  § 659A.421 ........................................................................................................ 4
  § 675.070 ........................................................................................................... 6
  § 675.540 ........................................................................................................... 6
  § 675.745 ........................................................................................................... 6
  § 676.313 ........................................................................................................... 6
  § 677.190 ........................................................................................................... 6
  § 678.138 ........................................................................................................... 6
  § 685.110 ........................................................................................................... 6
  § 689.405 ........................................................................................................... 6

R.I. Gen. Laws
  § 5-37.8-1 .......................................................................................................... 6
  § 11-24-2 ........................................................................................................... 4
  § 28-5-5 ............................................................................................................. 4
  § 28-5.1-12 ........................................................................................................ 4
  § 28-6-18 ........................................................................................................... 4
  § 34-37-2 ........................................................................................................... 4
  § 34-37-4 ........................................................................................................... 4
  § 34-37-4.3 ........................................................................................................ 4
  § 34-37-5.2 ........................................................................................................ 4
  § 34-37-5.3 ........................................................................................................ 4
  § 34-37-5.4 ........................................................................................................ 4

# TABLE OF AUTHORITIES
## (continued)

**Page**

Vt. Stat. Ann.
  Title 8, § 4071 ............................................................................................................ 5
  Title 8, § 4724 ............................................................................................................ 5
  Title 9, § 4502 ............................................................................................................ 4
  Title 9, § 4503 ............................................................................................................ 4
  Title 12, § 7301 *et seq.* ............................................................................................. 5
  Title 21, § 495 ............................................................................................................ 4

Wash. Rev. Code
  § 7.115 *et seq.* .......................................................................................................... 5
  § 49.60.030(1) ............................................................................................................ 4
  § 49.60.040(2) ............................................................................................................ 4
  § 49.60.040(29) .......................................................................................................... 4
  § 49.60.215 ................................................................................................................. 4

**CONSTITUTIONAL PROVISIONS**

N.Y. Const. Art. 1 § 11 ................................................................................................. 4

U.S. Const. Amendment X ............................................................................................ 2

**COURT RULES**

N.Y. C.P.L.R.
  § 3102 ......................................................................................................................... 5
  § 3119 ......................................................................................................................... 5
  § 4550 ......................................................................................................................... 5

**OTHER AUTHORITIES**

Cal. Dept. of Health Care Services, *Medically Necessary Gender-Affirming Care Services Covered for Medi-Cal Members* (May 7, 2025), https://mcweb.apps.prd.cammis.medi-cal.ca.gov/news/33457 ................................................ 5

Federation of State Medical Boards, *Contact a State Medical Board*, https://www.fsmb.org/contact-a-state-medical-board (last visited June 11, 2026) ......................................................................................................................... 3, 4

Mass. Div. of Ins., *Bull. No. 2014-03: Guidance Regarding Prohibited Discrimination on the Basis of Gender Identity or Gender Dysphoria Including Medically Necessary Transgender Surgery and Related Health Care Services* (June 20, 2014), https://www.mass.gov/lists/doi-bulletins ....................................................... 5

vii

**TABLE OF AUTHORITIES**
(continued)

Page

Mass. Div. of Ins., *Bull. No. 2021-11: Prohibited Discrimination on the Basis of Gender Identity or Gender Dysphoria Including Medically Necessary Gender Affirming Care and Related Services* (Sept. 9, 2021), https://www.mass.gov/lists/doi-bulletins; .................................................................... 5

MassHealth, *Gender-Affirming Care Covered by MassHealth*, https://perma.cc/YC87-7ZPH (last visited June 11, 2026) ....................................... 5

Mich. Dep't of Health & Human Servs., *Med. Servs. Admin. Bull. No. 19-06: Compliance with Federal Nondiscrimination Provisions* (Mar. 1, 2019), https://perma.cc/38YL-FWUQ; ....................................................................... 5

Mich. Dep't of Health & Human Servs., *Med. Servs. Admin. Bull. No. 21-28: Coverage of Gender Affirmation Services* (Sept. 30, 2021), https://perma.cc/96GE-9GFZ;....................................................................... 5

N.J.A.C. Executive Order No. 326 (2023).................................................................. 5

Nev. Medicaid Servs. Manual § 608 (May 27, 2026), https://perma.cc/B634-8HLU; ....................................................................................................................... 5

Or. Admin. R. 836-053-0441 ...................................................................................... 5

Patricia J. Zettler, *Toward Coherent Federal Oversight of Medicine*, 52 San Diego L. Rev. 427, 448 (2015) ..................................................................................... 3, 4

R.I. Gender Dysphoria/Gender Nonconformity Coverage Guidelines (Oct. 28, 2015), https://perma.cc/E9DH-KYV4; ....................................................... 5

R.I. Off. Health Ins. Comm'r, *Health Ins. Bull. No. 2015-3: Guidance Regarding Prohibited Discrimination on the Basis of Gender Identity or Expression* (Nov. 23, 2015), https://perma.cc/MB57-YNBZ; .................................................. 5

UCLA Sch. of Law Williams Inst., *Shield Laws for Reproductive and Gender-Affirming Health Care: A State Law Guide* (Aug. 2024), https://perma.cc/Y2W5-EPD2 ........................................................................ 5

**INTERESTS OF AMICI STATES**

In the summer of 2025, the Department of Justice ("DOJ") served numerous civil administrative subpoenas across the country on medical providers of transgender healthcare for minors. Courts have repeatedly quashed these subpoenas, finding they were part of a systematic campaign targeting transgender healthcare, served no legitimate investigatory purpose, were overly broad, harassing, and intrusive, jeopardized the health and welfare of State residents, and threatened to undermine the States' sovereign interest in regulating the practice of medicine in their jurisdictions. DOJ now attempts to seek the same information through a federal grand jury subpoena from the U.S. Attorney's Office for the Northern District of Texas served on Lucile Salter Packard Children's Hospital at Stanford (Stanford Children's Hospital). The subpoena at issue here, which seeks identifying and sensitive personal healthcare information about minor patients, suffers from the same defects as the civil administrative subpoenas that courts have repeatedly rejected. Accordingly, the States of California, Arizona, Colorado, Connecticut, Delaware, Illinois, Maine, Maryland, Massachusetts, Michigan, Minnesota, Nevada, New Jersey, New Mexico, New York, Oregon, Rhode Island, Vermont, Virginia, and Washington, and the District of Columbia submit this brief in support of plaintiffs' motion for a temporary restraining order barring DOJ from requesting or obtaining records responsive to specifications 12-14 of the subpoena and barring Stanford Children's Hospital from disclosing records responsive to those specifications.

The subpoena at issue here seeks to threaten and intimidate medical providers to cease offering critical, medically necessary healthcare to transgender minors, one of the most vulnerable populations in California and other amici States. Indeed, the subpoena places medical providers and hospital administrators in the crosshairs of criminal enforcement mechanisms merely for providing this care. If Stanford Children's Hospital were forced to comply with this subpoena, it would threaten the health and welfare of the people of California and other amici States, impede core economic activities of amici States, and encroach on amici States' traditional role as the regulators of medicine.

1

Amici States are home to hospitals, like Stanford Children's Hospital, that provide medically necessary care, including transgender healthcare, to thousands of people every year. These hospitals are at the forefront of biomedical and technological research, and they fuel the economies of amici States, including by creating jobs, spurring innovation, improving residents' health, and training the future workforce. Amici States have a strong interest in regulating the practice of medicine in their jurisdictions, including by licensing doctors and other medical professionals; implementing standards of care for a wide variety of medical procedures and treatments; and enforcing those standards and other related regulations. In this realm, many amici States have enacted laws safeguarding access to transgender healthcare services and protecting people who lawfully provide or help others access such care. In these amici States' experience, those laws are necessary to uphold the rights and dignity of our transgender residents and the health and well-being of our communities.

The Court should grant plaintiffs' motion for a temporary restraining order barring DOJ from receiving records responsive to—and barring Stanford's compliance with—specifications 12-14 of the federal grand jury subpoena directed at Stanford Children's Hospital.

## ARGUMENT

### THE DEPARTMENT OF JUSTICE SEEKS TO INTERFERE WITH AMICI STATES' AUTHORITY TO REGULATE THE PRACTICE OF MEDICINE.

As sovereigns of their respective territories, States reserve the power to provide for the health, welfare, safety, and security of the people. *See Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 756 (1985); *see also Linder v. United States*, 268 U.S. 5, 18 (1925); *Berman v. Parker*, 348 U.S. 26, 32 (1954); *Hillsborough Cnty., Fla. v. Automated Med. Lab'ys, Inc.*, 471 U.S. 707, 719 (1985). DOJ's relentless campaign against transgender healthcare—including by issuing the subpoena at issue in this case—seeks to upend this fundamental principle.

The Tenth Amendment reserves for the States all rights and powers "not delegated to the United States" federal government. U.S. Const. amend. X. Commonly referred to as "traditional state police powers," the rights and powers of the States include the "power to protect the health and safety of their citizens." U.S. Const. amend. X; *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 475

(1996); *see also Slaughterhouse Cases*, 83 U.S. 36, 62 (1873) (describing the police power as extending "to the protection of the lives, limbs, health, comfort, and quiet of all persons . . . within the State"). Since at least 1889, the states' authority to regulate the practice of medicine has been recognized as among these powers. *Dent v. West Virginia*, 129 U.S. 114, 122 (1889) (states have discretion to set medical licensing requirements as they have done since "time immemorial"). Though Congress may legislate to regulate interstate activities, the Executive may not adopt novel interpretations of statutes that disrupt a State's medical regulatory framework by inventing novel forms of criminal activity. *See Gonzales v. Oregon*, 546 U.S. 243, 269-70 (2006) (holding that the Controlled Substances Act did not prohibit Oregon doctors from prescribing medication for the purpose of medical aid in dying, where such care was permitted under state law). Courts have upheld a broad set of "state medical practice laws against constitutional challenges, making clear that states are generally authorized to legislate in the medical practice area."[1]

States have exercised their power to regulate medicine in various ways. Perhaps most significantly, States regulate the practice of medicine by defining the scope and contours of medical practice and requiring medical licenses for practitioners.[2] Since 1895, all States have boards that oversee the licensing of medical professionals.[3] Fundamental and consistent

---

[1] Patricia J. Zettler, *Toward Coherent Federal Oversight of Medicine*, 52 San Diego L. Rev. 427, 448 (2015); s*ee also Hillsborough Cnty.*, 471 U.S. at 719 (stating "the regulation of health and safety matters is primarily, and historically, a matter of local concern"); *Watson v. Maryland*, 218 U.S. 173, 176 (1910) ("the police power of the states extends to the regulation of certain trades and callings, particularly those which closely concern the public health" and discussing licensing of medical practitioners); *Gonzales v. Carhart*, 550 U.S. 124, 157 (2007) ("Under our precedents it is clear the State has a significant role to play in regulating the medical profession."); *Barsky v. Board of Regents*, 347 U.S. 442, 451 (1954) (indicating that the state has "legitimate concern for maintaining high standards of professional conduct" in the practice of medicine); *Buckman v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 348 (2001) (identifying "historic primacy of state regulation of matters of health and safety").

[2] Zettler, *supra* note 1, at 449-50 (citing Robert I. Field, *Health Care Regulation in America: Complexity, Confrontation, and Compromise* (2007) 19 (stating that the "cornerstone" of medical practice regulation is states' licensing schemes).

[3] Zettler, *supra* note 1, at 450 (citing Robert C. Derbyshire, *Medical Licensure and Discipline in the United States* 8 (1969)); *see also* Federation of State Medical Boards, *Contact a*

(continued…)

3

requirements for obtaining a medical license across states include graduation from an accredited medical school, completing one or more years of residency or fellowship, and passing a licensing examination.[4] Additional requirements may include interviews, a documented lack of criminal history, and medical malpractice insurance coverage.[5] States, through their legislatures and regulatory boards, also regulate medical practice by disciplining licensees who act illegally or unethically or who violate standards of care, and by "enact[ing] laws and regulations that directly circumscribe how licensed practitioners conduct medical practice," such as reporting, disclosure, and timeframe rules.[6]

States have also exercised their police powers to protect vulnerable groups against discrimination and to ensure equal access to healthcare. Consistent with state policy judgments about protecting minority populations and prohibiting discrimination, California and many other amici States have enacted civil rights protections for transgender people in education, employment, healthcare, housing, public accommodations, and other parts of public life.[7] They have also taken steps to safeguard access to transgender healthcare, exercising their sovereign judgment that such safeguards promote public health and wellbeing. For instance, California and

---

*State Medical Board*, https://www.fsmb.org/contact-a-state-medical-board (last visited June 11, 2026).

[4] Zettler, *supra* note 1, at 450 (citing Nadia N. Sawicki, *Character, Competence and the Principles of Medical Discipline*, 13 J. Health Care L. & Pol'y 285, 290 (2010)).

[5] *Id.*

[6] *Id.* at 450–52.

[7] *See, e.g.*, Cal. Civ. Code §§ 51(b), 51(e)(6); Cal. Gov't Code §§ 12940(a), 12955; Md. Code Ann., Educ. § 26-704; Conn. Gen. Stat. §§ 10-15c, 46a-58 *et seq.*; Del. Code tit. 6, ch. 45 & 46; Del. Code tit. 19, ch. 7; D.C. Code § 2-1401.01 *et seq.*; 775 Ill. Comp. Stat. 5/1-102(A), 5/1-103(O-1), 5/1-103(Q); Me. Rev. Stat. tit. 5, § 4551 *et seq.*; Md. Code Ann., State Gov't §§ 20-606, 20-705; Mass. Gen. Laws ch. 151B, § 4; Mass. Gen. Laws ch. 272, §§ 92A, 98; Mich. Comp. Laws § 37.2202(1)(a); Minn. Stat. §§ 363A.03, subd. 50, 363A.01 *et seq.*; Nev. Rev. Stat. §§ 118.100, 284.150(3), 439.994, 449.101(1), 613.330; N.J. Stat. Ann. §§ 10:5-1 *et seq.*, 17:48-6oo, 18A:36-41; N.Y. Const. Art. 1 § 11; N.Y. Exec. Law §§ 296-a, 296-b; N.Y. Civ. Rights Law § 40-c; N.Y. Comp. Codes R. & Regs. tit. 9, § 466.13; Or. Rev. Stat. §§ 659A.006, 659A.030, 659A.403, 659A.421; R.I. Gen. Laws §§ 11-24-2, 28-5-5, 28-5.1-12, 28-6-18, 34-37-2, 34-37-4, 34-37-4.3, 34-37-5.2, 34-37-5.3, 34-37-5.4; Vt. Stat. Ann. tit. 9, §§ 4502, 4503; Vt. Stat. Ann. tit. 21, § 495; Wash. Rev. Code §§ 49.60.030(1), 49.60.040(2), 49.60.040(29), 49.60.215.

many other amici States expressly recognize a legal right to transgender healthcare and have enacted laws intended to protect people in their States who access, provide, or assist with the provision of that care from civil or criminal penalties by out-of-state jurisdictions that outlaw it.[8] Many amici States, including California, also cover transgender healthcare through their State Medicaid programs,[9] and they prohibit State-regulated health insurance plans from withholding coverage from individuals based on their gender identity or their diagnosis of gender dysphoria, thereby ensuring that transgender residents enjoy the same coverage for medically necessary treatment as residents who are not transgender.[10]

[8] *See, e.g.*, Cal. Civ. Code § 56.109; Colo. Rev. Stat. §§ 10-16-121(1)(f), 13-21-133, 16-3-102, 16-3-301; Conn. Gen. Stat. §§ 19a-17e, 52-146w, 52-571m; 735 Ill. Comp. Stat. 40/28-5 *et seq.*; Me. Rev. Stat. tit. 14, § 9001 *et seq.*; Me. Rev. Stat. tit. 22, §§ 1508; Md. Code Ann., State Pers. & Pens. § 2-312; Mass. Gen. Laws ch. 12, § 11I½(b)-(d); Mass. Gen. Laws ch. 147, § 63; Mass. Gen. Laws ch. 276, § 13; 2023 Minn. Laws ch. 29; Minn. Stat. § 260.925; N.Y. Exec. Law § 837-x; N.Y. C.P.L.R. §§ 3119, 3102, 4550; N.Y. Fam. Ct. Act § 659, N.Y. Civ. Rights Law § 70-b; N.Y. Comp. Codes R. & Regs. tit. 10, § 405.7(c)(2); Or. Rev. Stat. §§ 15.430, 24.500, 414.769, 435.210, 435.240; Vt. Stat. Ann. tit. 12, § 7301 *et seq.*; Wash. Rev. Code § 7.115 *et seq.*; N.J.A.C. Executive Order No. 326 (2023); *see also* UCLA Sch. of Law Williams Inst., *Shield Laws for Reproductive and Gender-Affirming Health Care: A State Law Guide* (Aug. 2024), https://perma.cc/Y2W5-EPD2.

[9] *See, e.g.,* Cal. Welf. & Inst. Code § 14197.09; Cal. Dept. of Health Care Services, *Medically Necessary Gender-Affirming Care Services Covered for Medi-Cal Members* (May 7, 2025), https://mcweb.apps.prd.cammis.medi-cal.ca.gov/news/33457; Ill. Admin. Code tit. 89, §§ 140.413(a)(16), 140.440(h); Md. Code Ann., Health-Gen. § 15-151; MassHealth, *Gender-Affirming Care Covered by MassHealth*, https://perma.cc/YC87-7ZPH (last visited June 11, 2026); Mich. Dep't of Health & Human Servs., *Med. Servs. Admin. Bull. No. 19-06: Compliance with Federal Nondiscrimination Provisions* (Mar. 1, 2019), https://perma.cc/38YL-FWUQ; Mich. Dep't of Health & Human Servs., *Med. Servs. Admin. Bull. No. 21-28: Coverage of Gender Affirmation Services* (Sept. 30, 2021), https://perma.cc/96GE-9GFZ; Minn. Stat. § 256B.0625, subd. 3a; Nev. Medicaid Servs. Manual § 608 (May 27, 2026), https://perma.cc/B634-8HLU; N.Y. Comp. Codes R. & Regs. tit. 18, § 505.2(l); R.I. Gender Dysphoria/Gender Nonconformity Coverage Guidelines (Oct. 28, 2015), https://perma.cc/E9DH-KYV4; Vt. Stat. Ann. tit. 8, § 4071.

[10] *See, e.g.*, Cal. Code Regs. tit. 10, § 2561.2(a); Code Colo. Regs. §702-4, Reg. 4-2-42, § 5(A)(1)(o); Del. Code tit. 18, §2304; 215 Ill. Comp. Stat. 5/356z.60(b); Ill. Admin. Code tit. 50, § 2603.35; Me. Rev. Stat. tit. 22, § 3174-MMM; Md. Code Ann., Ins. § 15-1A-22; Mass. Gen. Laws ch. 272, §§ 92A, 98; Minn. Stat. § 62Q.585; N.J. Stat. Ann. § 17:48-6oo; N.Y. Comp. Codes R. & Regs. tit. 11, § 52.75; Or. Admin. R. 836-053-0441; R.I. Off. Health Ins. Comm'r, *Health Ins. Bull. No. 2015-3: Guidance Regarding Prohibited Discrimination on the Basis of Gender Identity or Expression* (Nov. 23, 2015), https://perma.cc/MB57-YNBZ; Vt. Stat. Ann. tit. 8, §§ 4071, 4724; Mass. Div. of Ins., *Bull. No. 2021-11: Prohibited Discrimination on the Basis of Gender Identity or Gender Dysphoria Including Medically Necessary Gender Affirming Care*

(continued…)

5

Similarly, California and many amici States have enacted laws that make clear that performing transgender healthcare, within the scope of a provider's practice, cannot by itself be considered professional misconduct, as well as laws that shield medical providers from facing professional discipline based solely on an out-of-state conviction or adverse license action resulting from the provision of transgender healthcare.[11] Relatedly, some amici States bar medical malpractice insurers from taking adverse action against medical professionals simply because they provide transgender healthcare.[12] California Civil Code § 1798.301 further provides that "gender-affirming health care services, and gender-affirming mental health care services are rights secured by the Constitution and laws of California[]" and that "[i]nterference with these rights . . . is against the public policy of California." Cal. Civ. Code § 1798.301. To this end, California also mandates training for healthcare professionals to ensure that patients who identify as transgender, gender diverse, and intersex receive trans-inclusive care.[13]

Taken together, the above laws and policies reflect many amici States' commitment to preserving the integrity of the medical profession, protecting the equality of all people, and ensuring that people with gender dysphoria are not denied medically necessary healthcare. In the experience of many amici States, these laws and policies are essential to address long-standing inequities in the healthcare system. The laws and policies discussed above adhere to medical standards of care and respect the doctor-patient relationship, thereby preserving the integrity and

---

*and Related Services* (Sept. 9, 2021), https://www.mass.gov/lists/doi-bulletins; Mass. Div. of Ins., *Bull. No. 2014-03: Guidance Regarding Prohibited Discrimination on the Basis of Gender Identity or Gender Dysphoria Including Medically Necessary Transgender Surgery and Related Health Care Services* (June 20, 2014), https://www.mass.gov/lists/doi-bulletins.

[11] *See, e.g.,* Cal. Bus. & Prof. Code §§ 850.1, 852; Conn. Gen. Stat. §§ 19a-17e, 20-579a, 52-571m; Colo. Rev. Stat. § 12-30-121; Md. Code Ann., Health Occ. § 1-227; Mass. Gen. Laws ch. 112, §§ 5F½, 77, 128; N.Y. Educ. Law § 6531-b; Or. Rev. Stat. §§ 675.070, 675.540, 675.745, 677.190, 678.138, 685.110, 689.405; 225 Ill. Comp. Stat. 60/22(C); R.I. Gen. Laws § 5-37.8-1.

[12] *See, e.g.*, N.Y. Ins. Law § 3436-a; Colo. Rev. Stat. § 10-4-109.6(1); Or. Rev. Stat. § 676.313; 225 Ill. Comp. Stat 60/23(A)(3).

[13] *See, e.g.*, Cal. Ins. Code § 10133.13.

6

ethics of the medical profession. More importantly, these laws result in better health outcomes for transgender adolescents, safeguarding their physical, emotional, and financial wellbeing.

Despite no federal law prohibiting such care, the clear purpose of the subpoena to Stanford Children's Hospital is to end transgender healthcare for teenagers and adolescents. As federal courts across the country have held with respect to DOJ's civil subpoenas, sweeping requests for sensitive health information—including records of all patients who have received a particular type of medical care—appear to represent a radical departure from DOJ's prior practice and make express the "policy goal" of the Executive Branch to harm a politically disfavored minority. *See, e.g.*, *In re Boston Children's Hospital Subpoena*, 2025 WL 2607784 at *7 (D. Mass. Sep. 9, 2025) ("It is abundantly clear that the true purpose of issuing the subpoena is to interfere with the Commonwealth of Massachusetts' right to protect [transgender healthcare] within its borders, to harass and intimidate BCH to stop providing such care, and to dissuade patients from seeking such care."). As another district court recently concluded, DOJ's systematic campaign against transgender healthcare "directly conflict[s] with Plaintiff States' laws protecting transgender adolescents' access to gender-affirming care, which were enacted in exercise of Plaintiff States' traditional authority to pass laws regulating medicine and to safeguard its citizens health and welfare." *Massachusetts v. Trump*, 2026 WL 1584837, at *23 (D. Mass. June 3, 2026). DOJ's subpoena to Stanford Children's Hospital has nothing at all to do with promoting the rule of law. Rather, this extraordinary overreach is an attempt to subvert the policy and considered judgment of the states as the traditional regulators of the practice of medicine. This broadside attack by DOJ on transgender healthcare undermines the amici States' sovereign authority to protect the health and safety of our residents.

## CONCLUSION

For the foregoing reasons, this Court should grant plaintiffs' motion for a temporary restraining order.

7

Dated:  June 16, 2026

Respectfully submitted,

ROB BONTA
*Attorney General*
*State of California*
Neli N. Palma
*Senior Assistant Attorney General*
Nimrod Pitsker Elias
*Supervising Deputy Attorney General*

*/s/ Crystal Adams*
Crystal Adams
*Deputy Attorney General*

KRISTIN K. MAYES
*Attorney General*
*State of Arizona*
2005 N. Central Ave.
Phoenix, AZ 85004

BRIAN L. SCHWALB
*Attorney General*
*District of Columbia*
400 6th St., N.W., Ste. 8100
Washington, D.C. 20001

PHILIP J. WEISER
*Attorney General*
*State of Colorado*
1300 Broadway 10th Fl.
Denver, CO 80203

KWAME RAOUL
*Attorney General*
*State of Illinois*
115 S. LaSalle Street
Chicago, IL 60603

WILLIAM TONG
*Attorney General*
*State of Connecticut*
165 Capitol Avenue
Hartford, CT 0610

AARON M. FREY
*Attorney General*
*State of Maine*
6 State House Station
Augusta, ME 04333

KATHLEEN JENNINGS
*Attorney General*
*State of Delaware*
820 N. French Street
Wilmington, DE 19801

ANTHONY G. BROWN
*Attorney General*
*State of Maryland*
200 Saint Paul Place
Baltimore, MD 21202

ANDREA JOY CAMPBELL
*Attorney General*
*Commonwealth of Massachusetts*
One Ashburton Place
Boston, MA 02108

DANA NESSEL
*Attorney General*
*State of Michigan*
P.O. Box 30212
Lansing, MI 48909

KEITH ELLISON
*Attorney General*
*State of Minnesota*
102 State Capitol
75 Rev. Dr. Martin Luther King Jr. Blvd.
St. Paul, MN 55155

AARON D. FORD
*Attorney General*
*State of Nevada*
100 North Carson Street
Carson City, NV 89701

JENNIFER DAVENPORT
*Attorney General*
*State of New Jersey*
25 Market Street
Trenton, NJ 08625

RAÚL TORREZ
*Attorney General*
*State of New Mexico*
408 Galisteo Street
Santa Fe, NM 87501

LETITIA JAMES
*Attorney General*
*State of New York*
28 Liberty Street
New York, NY 10005

DAN RAYFIELD
*Attorney General*
*State of Oregon*
1162 Court Street N.E.
Salem, OR 97301

PETER F. NERONHA
*Attorney General*
*State of Rhode Island*
150 South Main Street
Providence, RI 02903

CHARITY R. CLARK
*Attorney General*
*State of Vermont*
109 State Street
Montpelier, VT 05609

JAY JONES
*Attorney General*
*Commonwealth of Virginia*
202 North Ninth Street
Richmond, VA 23219

NICHOLAS W. BROWN
*Attorney General*
*State of Washington*
P.O. Box 40100
Olympia, WA 98504

9