SHANNON P. MINTER – 168907
CHRISTOPHER F. STOLL – 179046
AMY WHELAN – 215675
RACHEL BERG*
NATIONAL CENTER FOR LGBTQ RIGHTS
1401 21st Street #11548
Sacramento, California  94102
Telephone: (415) 392-6257
Email:      sminter@nclrights.org
            cstoll@nclrights.org
            awhelan@nclrights.org
            rberg@nclrights.org

ABBE DAVID LOWELL (*pro hac vice*)
CALEB HAYES-DEATS (*pro hac vice*)
SCHUYLER STANDLEY (*pro hac vice*)
Lowell & Associates, PLLC
1250 H Street, N.W., Suite 250
Washington, DC 20005
Telephone:   (202) 964-6110
Facsimile:    (202) 964-6116
Email:
ALowellpublicoutreach@lowellandassociates.com
CHayes-Deats@lowellandassociates.com
SStandley@lowellandassociates.com

Attorneys for Plaintiffs

GAY C. GRUNFELD – 121944
KARA J. JANSSEN – 274762
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:    (415) 433-6830
Facsimile:    (415) 433-7104
Email:        ggrunfeld@rbgg.com
              kjanssen@rbgg.com

JOSHUA ROVENGER (*pro hac vice*)
DONOVAN BENDANA (*pro hac vice*)
GLBTQ LEGAL ADVOCATES &
DEFENDERS (GLAD LAW)
18 Tremont Street, Suite 950
Boston, Massachusetts  02108
Telephone: (617) 426-1350
Email:      jrovenger@gladlaw.org
            dbendana@gladlaw.org

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| Z.A., a minor, by and through their parent, A.A., *et al*,<br><br>        Plaintiffs,<br><br>    v.<br><br>TODD BLANCHE, *et al*,<br><br>        Defendants. | Case No. 5:26-cv-04998<br><br>**PLAINTIFFS' OPPOSITION TO FEDERAL DEFENDANTS' MOTION FOR EXPEDITED BRIEFING SCHEDULE AND DECISION ON THEIR MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL**<br><br>Assigned to: Hon. P. Casey Pitts |

Pursuant to Civil Local Rule 6-3(b), Plaintiffs oppose the Motion of Defendants the U.S. Department of Justice and Acting Attorney General Todd Blanche (together, "DOJ") for an Expedited Briefing Schedule and Decision on Their Motion to Stay Injunction Pending Appeal. ECF 98.  DOJ has not complied with the requirements of Civil Local Rule 6-3(a), will not face any hardship from proceeding on the timeline set forth in Civil Local Rule 7-3, and threatens to prejudice Plaintiffs by giving them less time than DOJ itself took to brief a matter of utmost importance to Plaintiffs' constitutional rights.  The Court should deny DOJ's motion.

First, DOJ has failed to comply with Civil Local Rule 6-3(a)'s requirement that the movant set "forth with particularity the reasons" for requesting expedited briefing and identify the "substantial harm or prejudice that would occur" absent expedition.  *See* ECF 98.  DOJ's declaration simply states that the "Court's preliminary injunction Order is causing irreparable harm to the government and to the public."  ECF 98-1 at 1.  That is not sufficient, and the inadequacy of DOJ's declaration by itself provides a basis for denying the motion.  *See, e.g.*, *Eisner v. Meta Platforms, Inc.*, No. 24-cv-02175-CRB (PHK), 2024 WL 2112894, at *2 (N.D. Cal. Apr. 29, 2024) (finding that "a verbatim repetition of the administrative motion brief" is insufficiently specific to satisfy the particularity requirements for LCR 6-3).

Second, no good cause exists to expedite briefing.  This Court has already found that DOJ's conduct suggests that any need it has for the information at issue is "not urgent," because "DOJ took no action to compel disclosure of such information for nine months after first serving Packard with its administrative subpoena."  ECF 93 at 42.  DOJ does not respond to that finding.  Its decision to wait twelve days to even move for a stay underscores the lack of urgency.

Finally, DOJ's motion threatens to prejudice Plaintiffs.  DOJ asks the Court to give Plaintiffs only seven days to oppose the motion, when DOJ took twelve days to draft it.  That imbalance is particularly unfair given the stakes of the motion for Plaintiffs.  If the Court stays its injunction, and DOJ obtains Plaintiffs' personal medical information during the pendency of the stay, then Plaintiffs will be unable to obtain complete relief, even if they prevail in DOJ's appeal.  Information about provisional class members' transgender status, as well as their private medical information, could be made available to government officials, and that information could not be "made secret again."

ECF 93 at 40-41 (quoting *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008)). The Court should not force Plaintiffs to oppose such an outcome on a shorter timeline than DOJ took to file its motion. Adjudication of these high-stakes issues should not be rushed.

For these reasons, Plaintiffs respectfully request that the Court deny DOJ's motion for expedited briefing.

DATED: July 16, 2026

Respectfully submitted,

*/s/ Caleb Hayes-Deats*
Caleb Hayes-Deats

2                                                  Case No. 5:26-cv-04998