ALICIA W. MACKLIN (State Bar No. 266325)
**HOOPER, LUNDY & BOOKMAN, P.C.**
1875 Century Park East, Suite 1600
Los Angeles, California 90067
Telephone:    (310) 551-8111
E-Mail:         amacklin@hooperlundy.com

JORDAN KEARNEY (State Bar No. 305483)
KATRINA A. PAGONIS (State Bar No. 262890)
**HOOPER, LUNDY & BOOKMAN, P.C.**
44 Montgomery Street, Suite 3500
San Francisco, California 94104
Telephone:    (415) 875-8500
E-Mail:         jkearney@hooperlundy.com
                    kpagonis@hooperlundy.com

DAVID S. SCHUMACHER (MA State Bar No. 647917)
(admitted *pro hac vice*)
**HOOPER, LUNDY & BOOKMAN, P.C.**
470 Atlantic Avenue, Suite 1201
Boston, Massachusetts 02210
Telephone:    (617) 532-2700
E-Mail:         dschumacher@hooperlundy.com

Attorneys for Defendant Lucile Salter Packard
Children's Hospital at Stanford

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| Z.A., a minor, by and through their parent, A.A.; Z.B., a minor, by and through their parent, B.B.; Z.C., a minor, by and through their parent, C.C.; Z.D., a minor, by and through their parent, D.D.; Z.E., a minor, by and through their parent, E.E.; and F.F.; and Z.G., a minor, by and through their parents, G.G. and A.G., on behalf of themselves and all those similarly situated,<br><br>                Plaintiffs,<br><br>        vs.<br><br>TODD BLANCHE, in his official capacity as Acting Attorney General of the United States; U.S. DEPARTMENT OF JUSTICE; and LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD, a California nonprofit public benefit corporation,<br><br>                Defendants. | Case No. 5:26-cv-04998-PCP<br><br>Hon. P. Casey Pitts<br><br>**DEFENDANT LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD'S OPPOSITION TO DOJ'S MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL** |

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067
TEL (310) 551-8111 • FAX (310) 551-0304

10464798.4

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067
TEL (310) 551-8111 • FAX (310) 551-0304

This case is before the Court on the Motion to Stay the Preliminary Injunction Pending Appeal ("Motion to Stay"), ECF 97, filed by the U.S. Department of Justice and Acting Attorney General Todd Blanche (together "Federal Defendants"). Though the underlying preliminary injunction provides relief for the provisionally certified class only from the Federal Defendants (*see* July 2, 2026 Order, ECF 93, at 23-24), staying the injunction would cause disarray for all parties. To the extent that Defendant Lucile Packard Children's Hospital at Stanford ("LPCH") has a say in this matter, the Court should deny the Motion to Stay.

The Court should deny Federal Defendants' request for a stay because it would "upend, rather than preserve, the status quo." *Karnoski v. Trump*, 926 F.3d 1180, 1194 n.11 (9th Cir. 2019) (quoting Filed Order, No. 18-35347, 9th Cir., ECF 90 (July 18, 2018)). "The purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *Doe #1 v. Trump*, 957 F.3d 1050, 1068 (9th Cir. 2020) (internal quotations omitted) (finding that "the public interest lies with maintaining the *status quo* while the appeal is pending"). The underlying merits of the preliminary injunction are now pending before the Ninth Circuit, and LPCH remains subject to a grand jury subpoena in the Northern District of Texas. Staying the preliminary injunction and allowing the Federal Defendants access to the Plaintiffs' information and records would not only moot the pending appeal, but it could also render obsolete the merits of this dispute.

As LPCH has explained in written and oral communications with the Court, LPCH has endeavored, throughout its negotiations with DOJ, to protect its patients' confidentiality. Absent the preliminary injunction, Federal Defendants would no longer have an explicit barrier to seeking this information from LPCH. Accordingly, a stay would suspend the very relief the Court found necessary to prevent irreparable harm.[1] July 2, 2026 Order, at 40. And, with specific respect to

---

[1] It is also worth noting that, in nearly identical circumstances, the U.S. District Court for the Southern District of New York denied the government's request for a stay, finding that "[w]hat the DOJ Defendants seek is a complete subversion of the Court's decision to grant the preliminary injunction in the first place. Allowing a stay of the preliminary injunction at this time would upend the status quo and lead to the very irreparable harm that the preliminary injunction was designed to prevent." *Coe v. Blanche*, 26 Civ. 4641 (KPF) (S.D.N.Y.), ECF 83, July 17, 2026 Order.

10464798.4

OPPOSITION TO DOJ'S MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL

LPCH's involvement in this matter, though ancillary to the principal issues, staying the preliminary injunction would create confusion for LPCH about how to proceed given the pending appeal and merits of this litigation.

For all of these reasons, this Court should deny the Federal Defendants' Motion to Stay the Preliminary Injunction Pending Appeal.

DATED:  July 27, 2026                    HOOPER, LUNDY & BOOKMAN, P.C.


By:        *s/ Jordan Kearney*
                    ALICIA W. MACKLIN
                    JORDAN KEARNEY
                    KATRINA A. PAGONIS
                    DAVID S. SCHUMACHER
Attorneys for Defendant Lucile Salter Packard
Children's Hospital at Stanford

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067
TEL  (310) 551-8111 • FAX (310) 551-0304

10464798.4

3                                    Case No. 5:26-cv-04998-PCP
OPPOSITION TO DOJ'S MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL