UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Z.A., et al.,

        Plaintiffs,

        v.

TODD BLANCHE, in his official capacity as Acting Attorney General, et al.,

        Defendants.

Case No.  26-cv-04998-PCP

**ORDER DENYING MOTION FOR STAY PENDING APPEAL**

Re: Dkt. No. 97

On July 2, 2026, the Court granted in part plaintiffs' motion for a preliminary injunction and enjoined the Department of Justice and Acting Attorney General Todd Blanche (together, "DOJ") from acting to obtain certain sensitive medical records about plaintiffs or other members of a provisional class of patients who received gender-affirming care at Lucile Packard Children's Hospital. DOJ now moves for a stay pending appeal of the preliminary-injunction order.

A stay pending appeal is an "extraordinary remedy." *United States v. Mitchell*, 971 F.3d 993, 999 (9th Cir. 2020) (per curiam) (citation modified). Because "[a] stay is an intrusion into the ordinary processes of administration and judicial review," it "is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Immigr. Defs. L. Ctr. v. Noem*, 145 F.4th 972, 983 (9th Cir. 2025) (citation modified) (quoting *Nken v. Holder*, 556 U.S. 418, 427 (2009)). "It is instead an exercise of judicial discretion," the "propriety [of which] is dependent upon the circumstances of the particular case," and "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* (quoting *Nken*, 556 U.S. at 433–34). Four factors guide the Court's exercise of its discretion:

> (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be

irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* (quoting *Nken*, 556 U.S. at 434). If the movant cannot "ma[k]e a strong showing" that it is "likely to succeed on the merits," the movant "must show 'serious legal questions' going to the merits" and "a high degree of irreparable injury," *Manrique v. Kolc*, 65 F.4th 1037, 1041 (9th Cir. 2023) (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1435–36 (9th Cir. 1983)), such that "the balance of hardships tips sharply in its favor," *Lopez*, 713 F.2d at 1435 (citation modified).

DOJ has not made the requisite showing "that a stay is necessary to avoid likely irreparable harm … while [its] appeal is pending." *Al Otro Lado v. Wolf*, 952 F.3d 999, 1007 (9th Cir. 2020). The crux of DOJ's argument is that the preliminary injunction limits its "lawful investigation[]" in the Northern District of Texas and thereby harms its "legitimate and compelling interest in enforcing criminal laws." But nothing in the record suggests that DOJ has any lawful or legitimate interest in the sensitive medical information it seeks. As the Court explained in the preliminary-injunction order, and as at least nine other district courts have concluded, such information is without "discernible relevance to the federal healthcare offenses or other fraudulent billing or insurance-claim practices" for which DOJ has purported to investigate Packard for the past year. *See Z.A. v. Blanche*, No. 26-CV-04998-PCP, 2026 WL 1907181, at *21–22 (N.D. Cal. July 2, 2026); *id.* at *4 n.16 (collecting other district-court cases); Transcript of Teleconference Decision at 22, *Coe v. Blanche*, No. 26-cv-4641 (S.D.N.Y. June 24, 2026), Dkt. No 89, at 25. And if there is any possibility that information relates to other criminal offenses, there is "virtually no chance" that such offenses would be "chargeable in the Northern District of Texas." *Z.A.*, 2026 WL 1907181, at *21. DOJ consequently lacks an apparent interest in pursuing the information through a grand jury indictment issued from that district. *See id.* at *22.

In its motion for a stay, DOJ argues that grand jury secrecy requirements under Federal Rule of Criminal Procedure 6(e) preclude it from offering any evidence to demonstrate its lawful and legitimate interest in provisional class members' sensitive medical information. But as the Court explained almost one month ago, "[t]hat is not quite true. It is within DOJ's authority to petition the Texas court for authorization to disclose grand jury matters in connection with this

2

proceeding." *Id.* at \*21 (citing Fed. R. Crim. P. 6(e)(3)(E)(i)). The Court invited DOJ to seek such authorization and to "request that this Court review any materials *in camera* as needed to preserve grand jury secrecy." *Id.* More than four weeks later, DOJ appears to have taken no action. DOJ could have used its reply in support of its stay motion (if not the stay motion itself) to identify evidence of its legitimate interest in provisional class members' medical information or, at the least, to apprise the Court of its efforts to seek authorization to disclose such evidence. Instead, DOJ opted not to file any reply at all. The Court must therefore conclude that DOJ lacks evidence to support its claimed interest or to demonstrate irreparable harm to that interest as a result of the preliminary injunction.

In any event, had DOJ established some lawful and legitimate interest in the sensitive medical information it seeks, it is far from clear that such interest would be irreparably harmed before DOJ's appeal is resolved. DOJ first requested the information from Packard through an administrative subpoena in July 2025, but it took no action to enforce that subpoena or to compel disclosure of the information through other means until nine months later. That extended delay belies DOJ's assertions of urgency.

That DOJ has not demonstrated irreparable harm flowing from the preliminary injunction is reason enough to deny its motion. *See Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011). But even if it had established a likelihood of irreparable harm, the remaining factors weigh against a stay pending appeal. For the reasons detailed in the Court's preliminary-injunction order, there is not a strong likelihood that DOJ's appeal will succeed. The challenged injunction is "the sort of 'equitable relief that is traditionally available to enforce federal law,'" and Federal Rule of Criminal Procedure "likely does not foreclose such remedies." *Id.* at \*14–15. And plaintiffs are likely to succeed on the merits of at least their informational-privacy claim under the Due Process Clause of the Fifth Amendment. *See id.* at \*18–23. The balance of equities and the public interest also disfavor a stay. In contrast to the government's failure to demonstrate irreparable harm, "plaintiffs have established that provisional class members will suffer irreparable harm absent an injunction due to the near-certain disclosure of their personal medical information, which is among the most sensitive information that could be collected about a person." *Id.* at \*23 (citation

United States District Court
Northern District of California

modified). Disclosure, which "cannot be undone," *id.*, harms not only patients' privacy interests but also their ability to confide in medical providers and thus their access to effective medical care. *See* Brief of Amicus Curiae American Academy of Pediatrics in Support of Plaintiffs' Motion for a Temporary Restraining Order, Dkt. No. 73, at 9; A.G. Decl., Dkt. No. 45-6 ¶ 7; B.B. Decl., Dkt. No. 45-7 ¶ 13; G.G. Decl., Dkt. No. 45-8 ¶ 13. And the public interest always favors preventing the violation of individuals' constitutional rights. *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023).

Because DOJ has not demonstrated irreparable harm, and because the other factors also weigh against a stay, DOJ's motion for a stay pending appeal (Dkt. No. 97) is DENIED.

**IT IS SO ORDERED.**

Dated: July 31, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California

4